UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sherrod Miller, 340737, | ) | C/A No.: 5:14-cv-01042-JMC-KDW |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Sherrod Miller ("Petitioner") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 18, 19.  On June 25, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 20. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on August 18, 2014. ECF No. 26. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 19, be granted.

I.    Background

Petitioner is currently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC").  In February 2010, Petitioner was indicted by an Aiken County Grand Jury for entering a bank, depository, or building and loan association with

intent to steal (2010-GS-02-0142). App 87-88.[1] On April 19, 2010, Petitioner pleaded guilty to the offense before the Honorable Edgar W. Dickinson.[2] App. 1-12. During his plea, C. David Hayes, Esq., represented Petitioner, and Samuel B. Grimes, Esq., appeared on behalf of the State. *Id.* Petitioner was sentenced to 18 years for the charge. App. 15-18.

II.    Procedural History

On April 28, 2010, plea counsel Hayes filed a Notice of Intent to Appeal on Petitioner's behalf but also indicated that he did "not have a good faith basis to believe that any issues [were] properly before the Court of Appeals." ECF No. 18-3. Thereafter, on July 19, 2010, the South Carolina Court of Appeals dismissed the appeal because Petitioner "failed to show how any issue was preserved for [appellate] review." ECF No. 18-5. On August 4, 2010, the Court of Appeals issued a Remittitur. ECF No. 18-6.

On August 17, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of counsel, and stating "Counsel is ineffective for advising the defendant to plead guilty without informing the defendant that if he went to trial, he could have requested a jury charge on a lesser-offense and might have been convicted of the lesser offense." App. 20-25; ECF No. 18-7. On December 16, 2010, the State filed a Return and requested an evidentiary hearing only on Petitioner's ineffective assistance of counsel claim. App. 28-31. Prior to the evidentiary hearing, Attorney Tanya D. Jeffords filed an Amended Application for PCR on Petitioner's behalf. App. 33-41. Therein, Petitioner argued that his plea counsel "was

---

[1] Citations to "App." refer to the Appendix for Petitioner's plea transcript and Post-Conviction Relief Proceeding documents. That appendix is available at ECF Nos. 18-1 in this habeas matter.

[2] Prior to his plea hearing, on February 11, 2010, Petitioner requested new counsel because he argued plea counsel Hayes "ha[d] been less than forthright with me and he spoke with me and stated that he had to work with the solicitor's office which gave me direct indication that he wasn't working for me." App. 2. During a hearing, counsel Hayes indicated that he had repeatedly requested a certain deal for Petitioner, and the solicitor's office finally said "it's not going to happen, please don't ask anymore." App. 3. After a hearing, the Honorable R. Ferrell Cothran denied Petitioner's request. App. 4.

ineffective for failing to investigate a possible defense in his case, and that he did not knowingly and voluntarily waive his *Boykin*[3] rights." App. 33. Additionally, Petitioner maintained that he was prejudiced by plea counsel's "failure to advise him of the jury's ability to find him guilty of common law robbery under the facts presented in his case. . . .There is a fifteen (15) year difference in the amount of time [Petitioner] would have been exposed to for the purpose of sentencing. Any reasonable person, including [Petitioner], would have elected to at least take a chance on reducing their exposure by 15 years." App. 38-39.

An evidentiary hearing was conducted before the Honorable James R. Barber on July 13, 2011. App. 42. Petitioner was present and represented by Tanya D. Jeffords, Esq., and Rob D. Corney, Esq., represented the State. *Id.* Petitioner and plea counsel Hayes testified at the hearing. App. 43-76.

In an Order dated August 17, 2011, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

> In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674,692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

> The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C.

---

[3] *Boykin v. Alabama*, 395 U.S. 238 (1969).

441, 334 S.E.2d 813 (1985). In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674,692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.

With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985). In PCR cases, a defendant asserting a constitutional violation must frame the issue as one of ineffective assistance of counsel. Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (1999). A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Roscoe v. State, 345 S.C. 16, 546 S.E.2d 417 (2001). A defendant alleging that his guilty plea was induced by ineffective assistance of counsel must prove that counsel's advice was not "within the competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985). A guilty plea is a solemn, judicial admission of the truth of the charges against the defendant. Statements made during the plea should be considered conclusive unless the defendant presents reasons why he should be allowed to depart from the truth of those statements. Crawford v. U.S., 519 F.2d 347 (4th Cir. 1975); Edmonds v. Lewis, 546 F.2d 566 (4th Cir. 1976).

*Ineffective Assistance of Counsel*

The allegations made in the application and at the hearing all come down to the claim of ineffective assistance of counsel. First, the Applicant alleges that his plea was not entered voluntarily and knowingly under the standards set forth in <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709 (1969). As stated above, an Applicant in PCR that pleads guilty on counsel's advice may only collaterally attack the voluntary and knowing nature of his guilty plea by showing (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. <u>Roscoe</u>, *supra*. Therefore, this allegation is essentially a claim of ineffective assistance of counsel that rendered a guilty plea involuntary. Applicant has also alleged counsel failed to properly investigate his case in not interviewing potential witnesses and investigating possible defenses/lesser offenses.

At the PCR hearing, Applicant testified counsel never informed him of his constitutional rights, his right to testify at trial or of any potential lesser offenses that may have been available for a plea or at trial. Applicant alleged after counsel requested a plea offer from the solicitor, counsel told Applicant he "wasn't going to talk to the solicitor anymore about a plea offer because [he] had to work with [the solicitor] in the future." Finally, Applicant alleges if he had known of his ability to request a lesser offense jury charge at trial, he would not have pled guilty but rather would have proceeded to trial.

Counsel testified that he met with Applicant roughly six times prior to the entry of this plea. Counsel also testified that Applicant made clear from their first meeting that he wanted to pursue a plea rather than proceed to trial on the charge. Counsel went on to say during their initial meeting, he reviewed the indictments, elements of the offenses and potential sentences with Applicant. After his discussions with Applicant, counsel spoke with the chief investigator on the case as well. Counsel then researched the law based on the facts of Applicant's case and determined that "strong arm robbery" was a lesser included offense that could be argued in the case. Counsel stated that at that time, he entered into negotiations with the solicitor where he requested a strong arm robbery plea offer; however, the solicitor rejected the request instead only offering Applicant the options to go to trial, plea "straight up" to the charge, or enter a plea for a twenty (20) year cap sentence. Counsel went on to say that although he did not interview any eye witnesses from the incident, he reviewed the discovery, which included two separate 911 calls and a surveillance videotape of the incident that counsel testified "clearly identified Mr. Miller". Additionally, counsel went over the consequences of a violent versus non-violent crime, reviewed the discovery with Applicant, reviewed the still-frame photographs from the surveillance video with Applicant, advised Applicant of the no-parole status of the charge he was facing as indicted and, after speaking with Applicant's federal parole officer, discussed the potential parole consequences of entering this plea. Counsel testified Applicant admitted his guilt to the charge throughout his representation and, although common-law robbery was a lesser included offense that may have fit the facts, Applicant made the decision to enter the plea rather than risk the potential consequences of a trial. Counsel articulated the case was set on the trial roster, as it had been for three straight months, and he was in fact prepared to proceed to

trial had Applicant wished to go forward; however, it was Applicant's decision to waive his right to that trial and to voluntarily enter the plea.

This Court finds Counsel's testimony to be credible. Conversely, I find Applicant's testimony to not be credible. Counsel advised Applicant of all relevant issues regarding the charges he was facing, including his constitutional rights, the indictments, the elements of the offenses, potential sentences he was facing and potential parole consequences. Additionally, counsel reviewed all available discovery and evidence with Applicant after thorough investigation, and gave Applicant the information and advice to make an intelligent decision for himself on whether to enter this plea. Based on the facts above, I find that Applicant did not prove by a preponderance of the evidence that counsel was ineffective. Further, Applicant has failed to prove prejudice from any alleged deficiency in counsel's representation. The Supreme Court of South Carolina has repeatedly held "a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial." Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (S.C. 1998), quoting Pauling v. State, 331 S.C. 606, 503 S.E.2d 468 (1998); "...mere speculation what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice." Glover v. State, 318 S.C. 496, 498-99, 458 S.E.2d 538, 540. Applicant failed to present testimony from any witnesses at the PCR hearing; therefore, Applicant has failed to prove prejudice from any alleged deficiency by counsel in failing to interview witnesses in preparation for trial.

Finally, I find that Applicant's guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases.

As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed in its entirety.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file and serve a notice of appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453 (1991), an Applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a Notice of Appeal on the Applicant's behalf. Your attention is directed to South Carolina Appellate Court Rule 243 for appropriate procedures for appeal.

App. 79-84. Attorney Jeffords filed a Notice of Appeal on Petitioner's behalf on September 8, 2011. ECF No. 18-8. On May 7, 2012, Deputy Chief Appellate Defender filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 18-9. The sole issue presented, quoted verbatim, was: "Trial counsel erred in failing to zealously represent petitioner during plea negotiations in the case despite the solicitor's refusal to entertain plea bargain options, particularly since counsel admitted that he did not want to 'burn that bridge' with the solicitor by continuing to seek a plea agreement in the case." *Id.* at 3. Additionally, Petitioner filed a pro se Petition for Writ of Certiorari and alleged, verbatim,

- Sentencing Judge Edgar Dickson erred in not informing Petitioner of federal constitutional rights being waived.
  1) Privilege granted against compulsary (sic) self-incrimination.
  2) Right to confront one's accusers; a waiver of these important federal rights cannot be presumed from a silent record. U.S.C.A. Const. Amend 5, 14. Appen. S 13-19.
- Trial counsel erred in not advising Petitioner that if he went to trial, Petitioner could have requested a jury charge to the lesser included offense of Common Law Robbery and might have received it. But for counsel's failure to disclose these facts, Petitioner would not have pled guilty, but would have insisted upon going to trial.
- Trial counsel erred by failing to zealously represent petitioner during plea negotiations in the case despite the solicitor's refusal to entertain plea bargain options, particularly since counsel admitted that he did not want to "burn that bridge" with the solicitor by continuing to seek a plea agreement in the case.

App. 18-10 at 2. Later, Petitioner filed an Amended Petition for writ of certiorari and submitted that he was "entitled to a new trial on the additional grounds that his counsel was ineffective for failing to investigate a possible defense in his case, and that he did not knowingly and voluntarily waive his Boykin rights." *Id.* at 3. On June 19, 2013, the South Carolina Supreme Court denied the petition for certiorari and issued the Remittitur on July 8, 2013. ECF Nos. 18-11, 18-12. This habeas Petition followed on March 20, 2014. ECF No. 1.

III.    Discussion

      A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus and stated verbatim:

> GROUND ONE:  Unknowing and Involuntary Plea.
> Supporting Facts: Sentencing Judge did not inform me of Constitutional rights being waived prior to sentencing me. ECF No. 1 at 5.
>
> GROUND TWO:  Ineffective assistance of counsel.
> Supporting Facts:  Attorney never informed me that if I went to trial, I could have requested a jury charge to the lesser included offense of common-law Robbery and might have received it. *Id.* at 6.
>
> GROUND THREE:  Ineffective assistance of counsel.
> Supporting Facts:  Attorney performed no investigation on my case to offer me any defense what-so-ever.  *Id.* at 8.

### B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.        Habeas Corpus Standard of Review

1.        Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

9

Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)      the applicant has exhausted the remedies available in the courts of the State; or

(B)      (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding

"that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

        3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual

prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

  D.  Analysis

    1.  Procedurally-Barred Grounds

  Though Respondent concedes that Petitioner exhausted his habeas grounds, Respondent argues that Petitioner procedurally defaulted on Grounds One and Three. ECF No. 18 at 9-11; 33. Specifically, Respondent argues that Petitioner procedurally defaulted on Ground One because although it was raised in an amended application, it was not ruled upon in the PCR order of dismissal. *Id.* at 9-11. On Ground Three, Respondent maintains that "while testimony was introduced regarding counsel's investigation, he did not raise a claim in state PCR that counsel's investigation was ineffective." *Id.* at 33.

  The PCR court recognized Petitioner's amended PCR Application and the three allegations he raised therein. App. 78-79. Thereafter, the PCR court addressed the merits of Petitioner's allegations under a section labeled "Ineffective Assistance of Counsel." App. 81-83. The PCR court first noted Petitioner's allegation that "his plea was not entered voluntarily and knowingly under the standards set forth in <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S. Ct. 1709 (1969)." App. 81. Thereafter, the PCR court found that Petitioner's "guilty plea was entered knowingly and voluntarily after being fully and advised by competent counsel acting with the range of competence demanded of attorneys in criminal cases." App. 83. In the "Conclusion" section, the PCR court specifically found that Petitioner had "not established any constitutional violations or deprivations that would require this court to grant his application." App. 84.

Therefore, because the PCR court acknowledged all allegations Petitioner raised in his PCR applications and found that his constitutional rights were not violated, the undersigned will review Ground One on the merits.

Additionally, the PCR court addressed the merits of Petitioner's allegations under a section labeled "Ineffective Assistance of Counsel" and detailed the plea counsel's trial preparation work. App. 81-84. Specifically, the PCR court found, "[plea] counsel reviewed all available discovery and evidence with [Petitioner] after a thorough investigation, and gave [Petitioner] the information and advice to make an intelligent decision for himself on whether to enter this plea." App. 83. The PCR court found that Petitioner did not prove that plea counsel was ineffective or that he was prejudiced by any perceived error. *Id.* Accordingly, the undersigned will address Ground Three on the merits as well.

2. Unknowing and Involuntary Plea (Ground One)

Petitioner argues that the plea judge did not inform him of the constitutional rights he was waiving prior to sentencing him. ECF No. 1 at 5. Respondent argues that Petitioner procedurally defaulted on this claim because although it was raised in an amended application, it was not ruled upon in the PCR order of dismissal. ECF No. 18 at 9-11. Additionally, Respondent argues that the transcript of the guilty plea reflects that Petitioner freely, voluntarily, and knowingly entered his guilty plea. *Id.* at 25-26.

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. *See Brady v. United States*, 397 U.S. 742, 755 (1970). However, a defendant's statements at the guilty plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Unsupported allegations on appeal

or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *See Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel).

Here, the plea colloquy reveals that Petitioner admitted his plea counsel explained the charges against him, the possible sentence he faced, and his constitutional rights—specifically, his constitutional right to a jury trial. App. 7. During the colloquy, Petitioner's plea counsel also indicated that he informed Petitioner of the charges against him, the possible sentence he faced, and his constitutional rights. App. 7-8.  Additionally, the plea court specifically inquired whether Petitioner was pleading freely and voluntarily, to which Petitioner answered affirmatively. *Id.* at 8. At the PCR hearing, plea counsel testified that Petitioner knew he had a right to a jury trial but he voluntarily chose to take a plea instead. App. 69. Further, plea counsel testified that when Petitioner got the trial notice letter, he told plea counsel that he had no intention of going to trial and wanted to plead. *Id.*  Finally, Petitioner admitted he was guilty of the charge during the PCR hearing and testified "the crime was committed, yes" when asked "[d]o you have any problem admitting you committed this bank robbery?" App. 74.

Unlike this case, in *Boykin*, "the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." *Boykin v. Alabama*, 395 U.S. 238, 239 (1969). Here, based on the testimony in the transcripts, the undersigned finds that the record demonstrates that Petitioner's guilty plea was knowing and voluntary, and he is not entitled to habeas relief on this ground. *See id.* at 238, 243-44 (1969) (finding that courts may not presume from a silent record a waiver of constitutional rights associated with a guilty plea, but must engage in a thorough, on-the-record inquiry to establish that the defendant voluntarily and

understandingly entered his guilty plea); *see also Wade v. Coiner*, 468 F.2d 1059, 1060 (4th Cir. 1972) (holding that "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* that requires them to do so" and denying habeas relief where the state judge ensured the defendant's attorney advised him of the nature of the charge and the consequences of his plea).   Additionally, the PCR court found plea counsel's testimony to be credible and implicitly found Petitioner not to be credible. App. at 82-83. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003). Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground One.

### 3.   Ineffective Assistance of Counsel (Ground Two)

Petitioner contends that he was denied effective assistance of counsel because his plea counsel never informed him that if he went to trial, he could have requested a jury charge to the lesser-included offense of common-law robbery and might have received it. ECF No. 1 at 6. Respondent maintains Petitioner cannot show that the state court's ruling on the claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." ECF No. 18 at 28.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice

requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In rejecting Petitioner's application for post-conviction relief on this ground, the PCR court found that plea counsel "researched the law based on the facts of [Petitioner's] case and determined that 'strong-arm robbery' was a lesser included offense that could be argued in the case." App. 82. Additionally, the PCR court relied on the following testimony from plea counsel: "[Petitioner] admitted his guilt to the charge throughout his representation and, although common-law robbery was a lesser included offense that may have fit the facts, [Petitioner] made the decision to enter the plea rather than risk the potential consequences of trial." *Id.* After summarizing Petitioner and trial counsel's testimony, the PCR court found Petitioner's testimony was not credible, while plea counsel's testimony was credible. *Id.* at 82-83. Based on the recited facts in the PCR order, the PCR court found Petitioner did not prove by a preponderance of the evidence that plea counsel was ineffective. *Id.* at 83. Furthermore, the PCR court found Petitioner failed to prove the prejudice prong of the *Strickland* test. *Id.*

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the guilty plea transcript and

the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Additionally, as noted in Ground One, the PCR court found trial counsel's testimony to be credible and implicitly found Petitioner not to be credible. App. at 83. Petitioner's argument that plea counsel failed to inform him that he could have requested a jury charge to the lesser included offense of common law robbery fails to demonstrate that the PCR court unreasonably misapplied the *Strickland/Hill* test. Further, Petitioner has not clearly shown that the PCR court's credibility determinations were without support. *See Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.'") (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) and *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)). Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Two.

4. Ineffective Assistance of Counsel (Ground Three)

In Ground Three, Petitioner argues that he received ineffective assistance of counsel because his plea attorney performed no investigation on his case to offer him a defense. ECF No. 1 at 8. Respondent maintains that this ground is procedurally defaulted.[4] ECF No. 18 at 33. Additionally, Respondent maintains that Petitioner cannot satisfy the two prongs of the *Strickland* test on this ground. *Id.* at 34-39.

Petitioner has failed to present evidence that the PCR court's resolution of this issue was incorrect. First, Petitioner has failed to demonstrate that his plea counsel was deficient pursuant to *Strickland*. At the PCR hearing, plea counsel testified that he met with Petitioner six times during the course of his representation. App. 54-56. Though Petitioner made it clear to plea

---

[4] The undersigned previously addressed the procedural default issue in Section 1 of the Analysis.

counsel that he did not want to go to trial, plea counsel testified he prepared for trial nevertheless by meeting with Petitioner, meeting with the investigators, and reviewing discovery. App. 63. Furthermore, plea counsel testified that he felt he had fully investigated and prepared for Petitioner's case. App. 69. Based on the evidence from the PCR transcript and as noted in the previous section, the PCR court found that plea counsel was not deficient in his representation and conducted a thorough investigation. App. 83. Based on this finding, the PCR court found Petitioner failed to prove the first prong of the *Strickland* test.

Second, Petitioner failed to demonstrate that he was prejudiced by plea counsel's alleged failure to investigate or offer Petitioner any defense. During the PCR hearing, Petitioner produced no witnesses or evidence to support his assertion that he had available defenses. *Bassette v. Thompson*, 915 F.2d 932, 939, 940-41 (4th Cir. 1990) (petitioner's allegation that attorney did ineffective investigation does not support relief absent proffer of supposed witness's favorable testimony). Furthermore, there was overwhelming evidence of Petitioner's guilt including a videotape of the crime, which counsel felt clearly depicted Petitioner. App 49. Based on the evidence against Petitioner and the repeated testimony indicating Petitioner did not wish to go to trial, the undersigned finds that Petitioner failed to prove that there was a reasonable probability that but for plea counsel's errors in failing to investigate, that he would have proceeded to trial. Therefore, Petitioner did not prove the second prong of the *Strickland* test either.

The PCR court's rejection of the ineffective assistance of counsel claim for failing to conduct a thorough investigation did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record.

Accordingly, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Ground Three.

IV.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 19, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

October 15, 2014                                        Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**