IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sherrod Miller, | ) | |
| | ) | Civil Action No. 5:14-cv-01042-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Sherrod Miller ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging an "unknowing and involuntary" guilty plea and two charges of ineffective assistance of counsel—failure of counsel to inform Petitioner of a lesser included charge and failure of counsel to perform any investigation on Petitioner's behalf. (ECF No. 1.) This matter is before the court on Respondent Joseph McFadden's ("Respondent") Motion for Summary Judgment (ECF No. 19).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On October 15, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion and dismiss the Petition with prejudice. (ECF No. 28.) This review considers Petitioner's Objection of Recommendation ("Objections"), filed December 8, 2014. (ECF No. 35.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19) and dismisses the Petition with prejudice.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and

1

procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 28.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at Lieber Correctional Institution within the South Carolina Department of Corrections. (ECF No. 1 at 1.) On April 19, 2010, Petitioner pled guilty to entering a bank, depository, or building and loan association with intent to steal. (ECF No. 28 at 1-2.) Petitioner was sentenced to 18 years in prison. (*Id.* at 2.) Petitioner filed an appeal on April 28, 2010, which was dismissed by the South Carolina Court of Appeals on July 19, 2010. (*Id.*) On August 17, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was denied in an order dated August 17, 2011. (*Id.* at 3.) Petitioner then filed a Petition for Writ of Certiorari, which the South Carolina Supreme Court denied on June 19, 2013. (*Id.* at 7.)

Petitioner filed this Petition on March 20, 2014, alleging three grounds for relief: Ground One: Unknowing and Involuntary Plea, "Sentencing judge did not inform me of Constitutional rights being waived prior to sentencing me," Ground Two: Ineffective Assistance of Counsel, "Attorney never informed me that if I went to trial, I could have requested a jury charge to the lesser included offense of common-law Robbery and might have received it," and Ground Three: Ineffective Assistance of Counsel, "Attorney performed no investigation on my case to offer me any defense what-so-ever." (*Id.* at 5-6, 8.) Respondent filed a Motion for Summary Judgment on June 25, 2014. (ECF Nos. 18, 19.)

On October 15, 2014, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition with prejudice. (ECF No. 28.) In the Report, the Magistrate Judge found that with regard to Count One, "based on the testimony in the

transcripts, the undersigned finds that the record demonstrates that Petitioner's guilty plea was knowing and voluntary, and he is not entitled to habeas relief on this ground." (*Id.* at 16.) Specifically, the Magistrate Judge found, "the plea colloquy reveals that Petitioner admitted his plea counsel explained the charges against him, the possible sentence he faced, and his constitutional rights—specifically, his constitutional right to a jury trial." (*Id.* at 16.) The Magistrate Judge also noted, "the plea court specifically inquired whether Petitioner was pleading freely and voluntarily, to which Petitioner answered affirmatively." (*Id.*) On Ground Two, the Magistrate Judge found "Petitioner cannot demonstrate that the PCR court unreasonably applied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings." (*Id.* at 18.) Finally, on Ground Three, the Magistrate Judge found, "[t]he PCR court's rejection of the ineffective assistance of counsel claim for failing to conduct a thorough investigation did not result in an unreasonable application of *Strickland* [*v. Washington,* 466 U.S. 668 (1984)] and was not based on an unreasonable determination of facts in light of the state court record." (*Id.* at 20.)

After the court granted Petitioner two extensions of time to file (ECF Nos. 31, 37), Petitioner timely filed his Objections on December 8, 2014. (ECF No. 35.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

3

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### A.  Ground One: Unknowing and Involuntary Plea

Petitioner argues that there is "no evidence in the record to support a finding that Petitioner was ever advised of his federal constitutional rights against compulsory self-incrimination or the right to face one's accusers, and that Petitioner made a knowing and intelligent waiver of those rights."  (ECF No. 35 at 2.)  Petitioner cites to *Boykin v. Alabama,* 395 U.S. 238 (1969) and *South Carolina v. Patterson,* 295 S.E.2d 264 (S.C. 1982) to assert that

4

absent a clear establishment on the record that a defendant was aware of the right against self-incrimination, the right to a trial by jury, and to confront one's accusers, any alleged waiver of those rights is not valid. (*Id.* at 2-3.) These cases, however, do not, as Petitioner urges, require that a defendant be explicitly asked about each of those three rights on the record. In *Patterson*, the Supreme Court of South Carolina stated, "[f]or such a waiver to be valid under the due process clause, it must be an intentional relinquishment or abandonment of a known right or privilege. Further, the record must clearly establish waiver." 295 S.E.2d at 265 (citing *Boykin*, 395 U.S. 238). That clear establishment, however, does not require each right be individually enumerated. Indeed, the United States Court of Appeals for the Fourth Circuit noted, "we are aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a 'consequence,' within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted." *Wade v. Coiner,* 468 F.2d 1059, 1061 (4th Cir. 1972).

The record reflects that Petitioner indicated in his plea colloquy that he had been informed of his constitutional rights and that he was freely and voluntarily pleading guilty. (ECF No. 18-1 at 9-11.) As such, the court finds the record shows a "clearly established waiver" of Petitioner's rights in satisfaction of *Boykin.*

Under the Antiterrorism and Effective Death Penalty Act of 1996, federal courts may only grant habeas relief if state proceedings (1) resulted in a decision contrary to, or involving an unreasonable application of clearly established federal law, or (2) resulted in a decision based on unreasonable determinations of the facts in light of the evidence presented in the state proceedings. 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor,* 529 U.S. 362, 397-98 (2000). "[A]

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. On the record here, the court cannot determine that the state courts unreasonably applied any clearly established federal law or made decisions based on unreasonable determinations of the facts. As such, Petitioner is not entitled to habeas relief on this ground.

### B. Grounds Two and Three: Ineffective Assistance of Counsel

Petitioner offers no objection to the portions of the Report regarding Grounds Two or Three of the Petition. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record regarding these grounds, the court finds the Report provides an accurate summary of the facts and law and adopts the Magistrate Judge's recommendation on these grounds.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate

Judge (ECF No. 28). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 19) is **GRANTED** and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

March 20, 2015
Columbia, South Carolina